# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0576V
(not to be published)

| | |
|---|---|
| JOHN McFARLAND,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 14, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Attorney Rates; Administrative Time |

*Jonathan Joseph Svitak*, Shannon Law Group, Woodbridge, IL, for Petitioner.

*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On May 8, 2020, John McFarland filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine received on October 2, 2018. (Petition at ¶¶ 2, 9). On October 26, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 28).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 16, 2021 (ECF No. 33), requesting a total award of $60,222.10 (representing $59,295.30 in fees and $926.80 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 34). Respondent did not file an objection or response to the fees request.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

    A.  <u>Hourly Rates</u>

Petitioner requests compensation for Jonathan Svitak at the rate of $338 per hour for 2020, and $350 per hour for 2021 (ECF No. 33-3 at 3), and for attorney Rhonda Lorenz-Pignato at the rate of $467 per hour for 2020, and $491 per hour for 2021. (ECF No. 34-3 at 3). I find the requested rates in each case excessive, based on the overall legal experience of the attorneys, the quality of work performed, and their lack of experience in the Vaccine Program. *See McCulloch v. Health & Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).[3] I incorporate by reference all of the explanatory notes contained in these rate schedules.

    I.  Johnathan Svitak

Mr. Svitak has been a licensed attorney since 2014, placing him in the range of attorneys with 4-7 years' experience. (ECF No. 33-3 at 1). The requested rates are all within the Vaccine Program's published range for attorneys at his level of overall experience, albeit on the highest end of the range. However, Mr. Svitak does not have demonstrated Vaccine Act experience, with this matter being his second case in the Program. It is therefore improper for Mr. Svitak to receive rates established for comparably-experienced counsel who *also* have lengty experience in the Program. *McCulloch*, 2015 WL 5634323, at *17. In addition, Mr. Svitak has previously been awarded the rate of $255 for 2019 – rendering the increases sought for the next two years too high. See *Schmidt v. Sec'y of Health & Human Servs.,* No. 17-0913V, 2020 WL 1528428 (Fed. Cl. Spec. Mstr. Feb. 25, 2020).

Thus, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys and what has been previously allowed for Mr. Svitak,

---

[3] The forum rates in the Vaccine Program are derived from the OSM Attorney's Forum Hourly Rate Schedules for years 2015 - 2021 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

I find the rates of **$280 per hour for 2020,** and **$310 per hour for 2021** to be more appropriate for Mr. Svitak. This reduces the amount to be awarded herein by **$2,266.80**.[4]

    II.    Rhonda Lorenz-Pignato

Ms. Lorenz-Pignato has been licensed to practice law since 1992, placing her in the range of attorneys with 20 – 30 years' experience. However, Ms. Lorenz-Pignato states in her affidavit included with Petitioner's motion, that she was not admitted to practice in the Court of Federal Claims until September 9, 2020. (ECF No. 33-4 at 2). An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). As such, the time billed by Ms. Lorenz-Pignato before she was admitted to this Court must be compensated at non-attorney rates.[5]

For that reason, I shall reduce Ms. Lorenz-Pignato's requested rate from $467 per hour to the rate of $163 per hour for her time billed between April 2020 - August 2020. This represents her time billed before her Court admission and is more in line to that of a supporting paralegal in the Vaccine Program. This results in a reduction of the attorney fees requested in amount of **$22,374.40**.[6]

In addition, the requested rates *after* Ms. Lorenz-Pignato was admitted to the practice before this Court are also excessive given her limited experience in the Vaccine Program, even if they fall within the rate chart ranges generally. As this is the first case setting an hourly rate for this attorney's work, it is improper for her to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program.[7] Accordingly, I find it reasonable to reduce the requested rates for Ms. Lorenz-

---

[4] This amount consists of ($338 - $280 = $58 x 16.6 hrs = $962.80) + ($350 - $310 x $40 = 32.6 hrs = $1,304) = $2,266.80.

[5] This is the third instance in which attorneys at the Shannon Law Firm billed attorney time for attorneys not admitted to practice in this Court. *See Schmidt v. Sec'y of Health & Human Servs.,* No. 17-0913V, 2020 WL 1528428 (Fed. Cl. Spec. Mstr. Feb. 25, 2020); *Razka v. Sec'y of Health & Human Servs.,* No. 14-1224V, 2017 WL 3165479 (Fed. Cl. Spec. Mstr. June 30, 2017).

[6] This amount consists of $467 - $163 = $304 x 73.6 hrs = $22,374.40.

[7] Ms. Lorenz-Pignato currently has 30 cases open before this Court.

4

Pignato to the following: **$415 per hour for 2020,** and **$440 per hour for 2021**. This further reduces the request for attorney fees by **$738.20**.[8]

### B. Administrative Time

The filed billing records also reveal several instances in which work was performed on tasks considered clerical or administrative, while being accounted for with tasks that are properly billable. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A few examples of these entries (which do not constitute an exhaustive list) include:

- May 13, 2019 (0.20 hrs) "Scanning in medical records";

- June 15, 2020 (1.5 hrs) "Scanned in medical records";

- February 24, 2021 (0.10 hrs) "Received signed Witness Affidavit from Elizabeth McFarland. Saved document to server file"; and

- October 28, 2021 (0.10 hrs) 'Saved copy of NOF for Joint Notice Not to Seek Review to client file on server.

(ECF No. 33-1 at 3, 6, 13, 20).

Because the Program does not reimburse such administrative tasks at attorney rates, I will reduce the amount of fees to be awarded by **$367.80**.[9]

## ATTORNEY COSTS

Petitioner requests $926.80 in overall costs. (ECF No. 33-5 at 1). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

---

[8] This amount consists of ($467 - $415 = $52 x 3.8 hrs = $197.60) + ($491 - $440 = $51 x 10.6 hrs = $540.60) = $738.20.

[9] This amount consists of ($100 x 2.7 hrs = $270) + ($163 x 0.60 hrs = $97.80) = $367.80.

5

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$34,474.90** (representing $33,548.10 in fees and $926.80 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[10]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.